

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-----------------------------------------------------------X

INTERNATIONAL MARINE UNDERWRITERS
as Subrogee of AMERICAN STEVEDORING, INC.,

Plaintiff,

- against -

MORAN TOWING & TRANSPORTATION
CO., INC.,

Defendant.

-----------------------------------------------------------X

07 CV 3075 (RWS)

**VERIFIED COMPLAINT**



Plaintiff, International Marine Underwriters, as Subrogee of American Stevedoring, Inc. ("IMU") by its attorneys, NICOLETTI HORNIG & SWEENEY, as and for its Complaint, alleges the following upon information and belief:

### Jurisdiction

1.     This Honorable Court has subject matter jurisdiction of the within claims pursuant to 28 U.S.C. § 1331.

2.     The claims set forth herein are all admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### Parties

3.     Plaintiff IMU was and is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Massachusetts, with an office and place of business at 77 Water Street, New York, New York 10005.  IMU brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in these causes of action, as their respective interests may ultimately appear.

4.    Defendant, Moran Towing & Transportation Co., Inc. ("Moran") was and is a corporation or other business entity with an office and place of business at 2 Greenwich Plaza, Greenwich, Connecticut 06830.

5.    At all times hereinafter mentioned, Moran was doing business within the territorial confines of the Southern District of New York.

### Factual Background

6.    On or about November 25, 1998, plaintiff's subrogor, American Stevedoring, Inc. and defendant Moran, entered into a contract for towage services (hereinafter "the Contract"), whereby Moran agreed to provide such towage services for the Barge "BOSTON TRADER" or Equivalent Substitute in consideration for certain agreed monies to be paid to Moran by plaintiff's subrogor.

7.    On or about January 23, 2007, and while performing under the Contract, Moran caused the Barge "NEW JERSEY" to allide with Pier 9B in Brooklyn, New York.

8.    At all relevant times, the Barge "NEW JERSEY" was bareboat chartered to plaintiff's subrogor, American Stevedoring, Inc.

9.    The said allision caused severe and extensive damages to the Barge "NEW JERSEY", its hull, machinery and appurtenances, requiring extensive repairs and incurring attendant expenses, including but not limited to, towage charges, drydocking fees, surveyors' fees, attendance fees, etc.

10.    At all relevant times, plaintiff IMU was and is the marine hull insurance underwriter for American Stevedoring, Inc. and pursuant to a policy of marine hull insurance and in respect of the aforesaid damages, repairs, charges and fees, it has paid American Stevedoring, Inc. the sum of $489,216.66, with further incurred expenses yet to be paid.

2

## AS AND FOR A FIRST
## CAUSE OF ACTION
### (Breach of Contract)

11.    Under and pursuant to the Contract, Moran was obligated to perform proper towage services and exercise due diligence to tender a seaworthy tug, which was to be "in all respects ready to perform the voyage".

12.    Moran breached the Contract in failing to properly perform the said towage services and/or in failing to exercise due diligence to tender a tug that was "in all respects ready to perform the voyage".

13.    By reason of the said breaches of the Contract by defendant Moran, plaintiff has been damaged in the sum of Four Hundred Eighty-Nine Thousand Two Hundred Sixteen Dollars Sixty-Six Cents ($489,216.66) as nearly as the same can now be estimated.

## AS AND FOR A SECOND
## CAUSE OF ACTON
### (Breach of Warranty of Workmanlike Service)

14.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein in paragraphs "1" through "13" hereof, with the same force and effect as though the same were set forth fully and at length herein.

15.    By virtue of its undertaking and agreement to perform maritime towage services, Moran warranted to perform such services in a workmanlike manner.

16.    Moran breached its warranty of workmanlike service, which was owed to the plaintiff's subrogor.

17.    By reason of the premises, plaintiff IMU has been damaged in the sum of Four Hundred Eighty-Nine Thousand Two Hundred Sixteen Dollars Sixty-Six Cents ($489,216.66) as nearly as the same can now be estimated.

3

## AS AND FOR A THIRD
## CAUSE OF ACTION
### (Breach of Bailment)

18.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein in paragraphs "1" through "17" hereof, with the same force and effect as though the same were set forth fully and at length herein.

19.    At all relevant times herein, the Barge "NEW JERSEY" was in the exclusive, care, custody and control of defendant Moran.

20.    On or about January 23, 2007, when the Barge "NEW JERSEY" was tendered to Moran for towage services, the said barge was in all respects seaworthy and in good order and condition.

21.    Following the performance of towage services by Moran, during which Moran caused the Barge "NEW JERSEY" to allide with Pier 9B in Brooklyn, New York, and upon re-tender of the said barge to American Stevedoring, Inc., the barge, its hull, machinery and appurtenances were all severely damaged and required extensive drydocking and repairs.

22.    By reason of the premises, plaintiff IMU has been damaged in the sum of Four Hundred Eighty-Nine Thousand Two Hundred Sixteen Dollars Sixty-Six Cents ($489,216.66) as nearly as the same can now be estimated.

## AS AND FOR A FOURTH
## CAUSE OF ACTION
### (Negligence)

23.    Plaintiff repeats, reiterates and realleges each and every allegation set forth herein in paragraphs "1" through "22" hereof, with the same force and effect as though the same were set forth fully and at length herein.

4

24.    At all relevant times herein, the Barge "NEW JERSEY" was in the exclusive care, custody and control of defendant Moran.

25.    Moran owed a duty of care to American Stevedoring, Inc. and to the Barge "NEW JERSEY".

26.    On or about January 23, 2007, when the Barge "NEW JERSEY" was tendered to Moran for towage services, the said barge was in all respects seaworthy and in good order and condition.

27.    During the performance of the said towage services by Moran, the Barge "NEW JERSEY" was caused to allide with Pier 9B in Brooklyn, New York, due to the carelessness, recklessness, negligence and lack of due care on the part of Moran.

28.    Upon re-tender of the said barge to American Stevedoring, Inc., the barge, its hull, machinery and appurtenances were all severely damaged and required extensive drydocking and repairs.

29.    Moran breached its duty of care that it owed to American Stevedoring, Inc. and to the Barge "NEW JERSEY".

30.    By reason of the premises, plaintiff IMU has been damaged in the sum of Four Hundred Eighty-Nine Thousand Two Hundred Sixteen Dollars Sixty-Six Cents ($489,216.66) as nearly as the same can now be estimated.

**WHEREFORE,** Plaintiff INTERNATIONAL MARINE UNDERWRITERS prays:

1.    That process in due form of law may issue against Defendant MORAN TRANSPORTATION & TOWING CO., INC. citing it to appear and answer all and singular the matters aforesaid;

5

2.     That if Defendant cannot be found within this District, then all their

property within this District, be attached in the sum of $489,216.66, with interest thereon and

costs, the sum sued for in this Complaint;

3.     That Judgment may be entered in favor of Plaintiff against Defendant for

the amount of Plaintiff's damages, together with interest and costs and the disbursements of

this action; and

4.     That this Court will grant to Plaintiff such other and further relief as may

be just and proper.

Dated: New York, New York
　　　　April 16, 2007.

　　　　　　　　　　　　　　　　　NICOLETTI HORNIG & SWEENEY
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff.

　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　James R. Sweeney (JFS-7745)
　　　　　　　　　　　　　　　　　Wall Street Plaza
　　　　　　　　　　　　　　　　　88 Pine Street, 7th Floor
　　　　　　　　　　　　　　　　　New York, New York  10005-1801
　　　　　　　　　　　　　　　　　Tel. No.: (212) 220-3830
　　　　　　　　　　　　　　　　　Fax No.: (212) 220-3830
　　　　　　　　　　　　　　　　　E-mail: jsweeney@nicolettihornig.com
　　　　　　　　　　　　　　　　　(FILE NO.: 10000462 JFS)

X:\Public Word Files\M462\LEGAL\Complaint (mar).doc

STATE OF NEW YORK          )
                            : S.S.:
COUNTY OF NEW YORK   )

         JAMES F. SWEENEY, being duly sworn, deposes and says:

         That he is an attorney admitted to practice before the Courts of this State and a member of the firm of Nicoletti Hornig & Sweeney, attorneys for Plaintiff herein.

         That he has read the foregoing Verified Complaint and know the contents thereof and that the same is true to his own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

         Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

                                                  _____
                                                 JAMES F. SWEENEY

Sworn to before me this
16th day of April, 2007.


Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20 20_12_

X:\Public Word Files\1462\LEGAL\VERIFICATION.JFS.doc