CLARK, ATCHESON & REISERT
Richard J. Reisert (RR-7118)
Attorneys for Defendant
7800 River Road
North Bergen, New Jersey 07047
Tel: 201-537-1200
Fax: 201-537-1201
Email: reisert@navlaw.com

UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
INTERNATIONAL MARINE UNDERWRITERS :
As Subrogee of AMERICAN STEVEDORING, :
INC., :
                                :
            Plaintiff,         :       **07-CV-3075 (RWS)**
                                :
           v.              :
                                :       **ANSWER TO**
MORAN TOWING AND TRANSPORTATION :     **COMPLAINT**
CO., INC., :
                                :
               Defendant.     :
----------------------------------------------------------x

      Defendant MORAN TOWING AND TRANSPORTATION, LLC (sued

herein as Moran Towing & Transportation Co., Inc.) ("Moran") by its attorneys Clark,

Atcheson & Reisert, answering the Complaint herein, states upon information and belief

as follows:

<u>**Jurisdiction**</u>

      1 - 2.  Admits the allegations contained in paragraphs 1 and 2 of the

Complaint.

<u>**Parties**</u>

      3.  Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 3 of the Complaint.

4.  Denies the allegations contained in paragraph 4, except admits that Moran is a corporation or other business entity with an office at 50 Locust Avenue, New Canaan, Connecticut.

5.  Admits the allegations contained in paragraph 5 of the Complaint.

### Factual Background

6.  Admits to the existence of the Contract, the contents of which speak for itself.

7.  Admits that on or about January 23, 2007, while performing under the Contract, the Barge NEW JERSEY (the "Barge") in tow of the Tug CAPE COD (the "Tug") allided with Pier 9B in Brooklyn, New York (hereinafter the "allision"), but except as so admitted, denies the allegations contained in paragraph 7 of the Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.  Admits that the Barge sustained physical damage on account of the allision, but except as so admitted, denies the allegations contained in paragraph 9 of the Complaint.

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and puts the Plaintiff to its proof that it is the real party at interest.

### AS AND FOR MORAN'S ANSWER TO
### THE FIRST CAUSE OF ACTION
### (Breach of Contract)

11.  Admits that the Contract imposed certain obligations on the parties thereto, the particulars of which are fully set forth therein.

12 - 13. Denies the allegations contained in paragraphs 12 – 13 of the Complaint.

## AS AND FOR MORAN'S ANSWER TO
## THE SECOND CAUSE OF ACTION
### (Breach of Warranty of Workmanlike Service)

14. Moran repeats and realleges its answers to paragraphs 1 – 13 of the Complaint as if fully set forth herein.

15 – 17. Denies the allegations contained in paragraphs 15 – 17 of the Complaint.

## AS AND FOR MORAN'S ANSWER TO
## THE THIRD CAUSE OF ACTION
### (Breach of Bailment)

18. Moran repeats and realleges its answers to paragraphs 1 – 17 of the Complaint as if fully set forth herein.

19. Admits that at the time of the allision, the Barge was in tow of the Tug, but except as so admitted, denies the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Admits that the Barge sustained physical damage on account of the allision, but except as so admitted, denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

## AS AND FOR MORAN'S ANSWER TO
## THE FOURTH CAUSE OF ACTION
### (Negligence)

23.  Moran repeats and realleges its answers to paragraphs 1 – 22 of the Complaint as if fully set forth herein.

24.  Admits that at the time of the allision, the Barge was in tow of the Tug, but except as so admitted, denies the allegations contained in paragraph 24 of the Complaint.

25.  Denies the allegations contained in paragraph 25, and refers to the Contract for a description of the respective parties' rights, obligations and legal duties.

26.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.  Denies the allegations contained in paragraph 27 of the Complaint.

28.  Admits that the Barge sustained physical damage on account of the allision, but except as so admitted, denies the allegations contained in paragraph 28 of the Complaint.

29 – 30.  Denies the allegations contained in paragraphs 29 – 30 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31.  The Complaint fails to state a cause of action against Moran upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32.  In fulfillment of its contractual obligation, Moran exercised due diligence to tender a seaworthy tug that was, in all respects, ready to perform the service.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. The allision occurred notwithstanding that the subject towage was performed with reasonable care and nautical skill.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. The law of bailment does not apply to the subject towage.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. The subject towage was not governed by any warranty of workmanlike service which was specifically disclaimed by the Contract.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36. The damages complained of were caused by Act of God, force of nature, peril of the sea, force majeure, inevitable accident or other circumstances beyond the Defendant's control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37. The Plaintiff failed to mitigate its alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

38. Moran claims all of the applicable benefits, limitations and exonerations afforded to it by the Contract and the General Maritime Law of the United States.

WHEREFORE, the Defendant Moran Towing and Transportation, LLC prays that the Complaint be dismissed with prejudice, that it be awarded costs and attorneys' fees in defense of this action and that it be granted such other and further relief as this Court deems just and proper.

Dated: North Bergen, New Jersey
      May 8, 2007

                          CLARK, ATCHESON & REISERT
                          Attorneys for Defendant

By:                                  
                          Richard J. Reisert (RR-7118)
                          7800 River Road
                          North Bergen, New Jersey 07047
                          Tel:  201-537-1200
                          Fax:  201-537-1201
                          Email:  reisert@navlaw.com

TO:    CLERK OF THE COURT

        NICOLETTI HORNIG & SWEENEY
        Attorneys for Plaintiff
        Wall Street Plaza
        88 Pine Street, 7th Floor
        New York, NY  10005-1801
        Attn:  James F. Sweeney. Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

INTERNATIONAL MARINE UNDERWRITERS  :
As Subrogee of AMERICAN STEVEDORING,  :
INC.,                               :
                                    :
                  Plaintiff,        :        **07-CV-3075 (RWS)**
                                    :
        v.                          :
                                    :        **CERTIFICATE**
MORAN TOWING AND TRANSPORTATION     :        **OF SERVICE**
CO., INC.,                          :
                                    :
                  Defendant.        :
-----------------------------------------------------------x

Richard J. Reisert declares and states that I am not a party to this action, am over 18 years

of age and reside in Chappaqua, New York. I am a partner in the law firm of Clark,

Atcheson & Reisert, attorneys for Defendant Moran Towing and Transportation, LLC

("Moran"), with offices at 7800 River Road, North Bergen, NJ 07047. On May 8, 2007, I

served Moran's Answer to the Complaint in the above-entitled action upon Plaintiff's

counsel:

NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
Attn: James F. Sweeney. Esq.

Service was affected by depositing the aforesaid document in an official depository of the

United States Postal Service in Edgewater, New Jersey.

Executed on May 8, 2007

                                          Richard J. Reisert